# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1291V

|  |  |
|---|---|
| MATTHEW MILLER,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: March 29, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for Petitioner.

*Rachelle Bishop, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 30, 2020, Matthew Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that after receipt of an influenza ("flu") vaccine on October 10, 2018, he suffered a left shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table. Petition at 1. On August 18, 2023, I issued a decision determining entitlement and awarding damages to Petitioner, following briefing by the parties and participation in a Motions Day argument. ECF No. 47.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $38,613.78 (representing $37,295.60 for fees and $1,318.18 for costs). Petitioner's Application for Fees and Costs filed Feb. 1, 2024, ECF No. 54. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 55

Respondent reacted to the motion on February 1, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 56. Petitioner did not file a reply thereafter.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations, and will therefore be adopted. Petitioner has also requested the same attorney hourly rate of $500 for work performed by Ronald Homer in 2024. ECF No. 54 at 17. Additionally, Petitioner requests an hourly rate of $185 for paralegal work. *Id.* I find these hourly rates to be reasonable.

Regarding the time billed, a small amount must be reduced for attorney time billed for the review of a status report prepared by another attorney. ECF No. 54 at 8, 11, 12, 16 (entries dated 9/29/20, 8/5/21, 9/7/21, 1/3/22, 8/21/23). I note that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and demands, it is reasonable to have another set of eyes review that document. *See*, e.g., ECF No. 54 at 11 (entries dated 9/7/21). However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed. Cl. Spec. Mstr. Oct. 2, 2020). **To address this issue, I will reduce the amount of attorney's fees by $263.00.**

Furthermore, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive. *See* Petitioner's Motion for Ruling on the Record Regarding Entitlement and Memorandum in Support of Damages, filed Sept. 6, 2022, ECF No. 39; Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on the Record and Brief in Support of Damages, filed Nov. 4, 2022, ECF No. 42; Hearing Minute entry dated July 17, 2023 (regarding proceedings on July 14, 2023). Petitioner's counsel expended approximately 20.4 hours drafting the entitlement and damages brief and 14.1

hours drafting an initial reply brief, totaling 34.5[3] hours. ECF No. 54 at 14-15.

My above calculation does not include time spent preparing the initial demand which would have informed this later work – 2.2 hours – and I am therefore awarding fees associated with that task in full.[4] Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., ECF No. 54 at 14 (entry dated 9/2/22)).

It is unreasonable for counsel to spend so much time briefing, even the issue of both entitlement and damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[5] in which attorneys have accomplished this task in about half the time.[6] *See,* e.g., *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively).

The circumstances of this case did not warrant devoting so much time to briefing. The primary areas of dispute involved the pain onset and symptom location[7] and the appropriate amount of compensation for Petitioner's past pain and suffering. *See Miller*

---

[3] This total is calculated as follows: 1.4 hours billed on 9/2/22 by Joseph Pepper at a rate of $415; 32.5 hours billed on: 8/29/22, 8/31/22, 9/1/22, 9/2/22, 9/6/22, 10/17/22, 10/20/22, 10/24/22, 10/26/22, and 10/27/22, by Nathaniel Enos at a rate of $280; and 0.6 hours billed on11/4/22 by Patrick Kelly at a rate of $250.

[4] This time was billed by Nathaniel Enos at a rate of $280. *See* ECF No. 54 at 12.

[5] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[6] These decisions can be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Mar. 24, 2024).

[7] 42 C.F.R. C.F.R. § 100.3(c)(10)(ii) & (iii) (2017).

4

*v. Sec'y of Health & Hum. Servs.,* No. 20-1291V, 2023 WL 6290019 (Fed. Cl. Spec. Mstr. Aug. 18, 2023). Regarding damages, the parties' views differed by $22,500.00 - Petitioner sought $65,000.00, and Respondent countered with $42,500.00. *Id.* at *5. I awarded an amount at least $10,000.00 from either proposed amount. *Id.*

Of course, having prevailed in this case, a fees award is generally appropriate. ECF No. 44. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 34.5 hours, or $9,831.00)** by *twenty percent*.[8] Such an across-the-board reduction (which I am empowered to adopt)[9] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,966.20.**[10]

### ATTORNEY COSTS

Petitioner requests $1,318.18 in overall costs. ECF No. 54 at 2, 17-18. Petitioner has provided supporting documentation for all claimed costs for all but expenses of $12.50 for copying and $13.55 for postage. *Id.* at 17-33. I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought. Thus, I find the amount of costs sought to be reasonable.

### CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$36,384.58 (representing $35,066.40 for fees and $1,318.18 in costs) as a lump sum in the form of a check jointly payable**

---

[8] Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Callejas v. Sec'y of Health & Hum. Servs.,* No. 20-1767V, 2023 WL 9288086 (Fed. Cl. Spec. Mstr. Oct. 24, 2023).

[9] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[10] This amount is calculated as follows: (1.4 hrs. x $415 x .20) + (32.5 hrs. x $280 x .20) + (0.6 hrs. x $250 x .20) = $1,966.20.

5

**to Petitioner and Petitioner's counsel, Ronald C. Homer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[11]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.